## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC WATERMAN, )<br><br>Plaintiff, )<br><br>v. )<br><br>WEINGARTEN REALTY INVESTORS, )<br>ANDREW M. ALEXANDER, STANFORD )<br>J. ALEXANDER, SHELAGHMICHAEL C. )<br>BROWN, STEPHEN A. LASHER, )<br>THOMAS L. RYAN, DOUGLAS W. )<br>SCHNITZER, C. PARK SHAPER, MARC J. )<br>SHAPIRO, and KIMCO REALTY )<br>CORPORATION, )<br><br>Defendants. ) | Case No. _____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on April 15, 2021 (the "Proposed Transaction"), pursuant to which Weingarten Realty Investors ("Weingarten" or the "Company") will be acquired by Kimco Realty Investors ("Kimco").

2.      On April 15, 2021, Weingarten's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Kimco.  Pursuant to the terms of the Merger Agreement, Weingarten's stockholders will receive 1.408 shares of Kimco common stock and $2.89 in cash for each share of Weingarten common stock they own.

3.      On May 28, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Weingarten common stock.

9.      Defendant Weingarten is a Texas corporation and a party to the Merger Agreement. Weingarten's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "WRI."

10.     Defendant Andrew M. Alexander is Chief Executive Officer, President, and Chairman of the Board of the Company.

11.     Defendant Stanford J. Alexander is a director of the Company.

12.     Defendant Shelaghmichael C. Brown is a director of the Company.

13.     Defendant Stephen A. Lasher is a director of the Company.

14.     Defendant Thomas L. Ryan is a director of the Company.

15.     Defendant Douglas W. Schnitzer a director of the Company.

16.     Defendant C. Park Shaper is a director of the Company.

17.     Defendant Marc J. Shapiro is a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Defendant Kimco is a Maryland corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

20.     Weingarten is a shopping center owner, manager, and developer.

21.     As of December 31, 2020, the Company owned or operated under long-term leases, either directly or through its interest in real estate joint ventures or partnerships, a total of 159 properties which are located in fifteen states spanning the country from coast to coast.

22.     On April 15, 2021, Weingarten's Board caused the Company to enter into the Merger Agreement with Kimco.

23.     Pursuant to the terms of the Merger Agreement, Weingarten's stockholders will receive 1.408 shares of Kimco common stock and $2.89 in cash for each share of Weingarten common stock they own.

24.     According to the press release announcing the Proposed Transaction:

Kimco Realty Corp. (NYSE: KIM), one of North America's largest publicly traded owners and operators of open-air, grocery-anchored shopping centers and mixed-use assets, and Weingarten Realty Investors (NYSE: WRI), a grocery-anchored Sun Belt shopping center owner, manager and developer, today announced that they have entered into a definitive merger agreement under which Weingarten will merge with and into Kimco, with Kimco continuing as the surviving public company. The transaction brings together two industry-leading retail real estate platforms with highly complementary portfolios, creating the preeminent open-air shopping center and mixed-use real estate owner in the country. The increased scale in targeted growth markets, coupled with a broader pipeline of redevelopment opportunities, positions the company to create significant value for its shareholders. The combined company is expected to have a pro forma equity market capitalization of approximately $12.0 billion and a pro forma total enterprise value of approximately $20.5 billion.

Under the terms of the merger agreement, each Weingarten common share will be converted into 1.408 newly issued shares of Kimco common stock plus $2.89 in cash. Based on the closing stock price for Kimco on April 14, 2021, this represents a total consideration of approximately $30.32 per Weingarten share. On a pro forma basis, following the closing of the transaction, Kimco shareholders are expected to own approximately 71% of the combined company's equity, and Weingarten shareholders are expected to own approximately 29%. The parties currently expect the transaction to close during the second half of 2021, subject to customary closing conditions, including the approval of both Kimco and Weingarten shareholders. This strategic transaction was unanimously approved by the Board of Directors of Kimco and the Board of Trust Managers of Weingarten. . . .

Leadership and Organization

The combined company is committed to retaining a strong, highly qualified and diverse Board that has the requisite skills, knowledge and experience to oversee the company and its long-term strategic growth and performance. The number of directors on Kimco's Board of Directors will be expanded to nine, with one member of the existing Board of Trust Managers of Weingarten to be appointed to the Kimco Board. Milton Cooper will continue to serve as Executive Chairman of the Board of Directors of the combined company. Mary Hogan Preusse will continue to serve as Lead Independent Director for the combined company.

The Kimco management team will lead the combined company, with Conor Flynn as Chief Executive Officer, Ross Cooper as President and Chief Investment Officer, David Jamieson as Chief Operating Officer and Glenn G. Cohen as Chief Financial Officer. The approach to integration planning will draw from the best practices of both companies to ensure continuity for tenants, employees and other stakeholders.

Upon completion of the merger, the company's headquarters will remain in Jericho, N.Y. The company will retain the Kimco name and will continue to trade under the ticker symbol KIM (NYSE). . . .

Advisors

Barclays and Lazard are acting as financial advisors, and Wachtell, Lipton, Rosen & Katz is acting as legal advisor to Kimco. J.P. Morgan is acting as exclusive financial advisor, and Dentons is acting as legal advisor to Weingarten.

### *The Registration Statement Omits Material Information, Rendering It False and Misleading*

25.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

26.     As set forth below, the Registration Statement omits material information.

27.     First, the Registration Statement omits material information regarding the Company's and Kimco's financial projections.

28.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate cash NOI, FFO per share, and unlevered cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

29.     With respect to Kimco's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate cash NOI, FFO per share, and unlevered cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan.

32.     With respect to J.P. Morgan's Public Trading Multiples analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

33.     With respect to J.P. Morgan's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values for Weingarten and Kimco; (ii) the unlevered free cash flows used in the analyses and all underlying line items; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analyses; (iv) the net debt of Weingarten and Kimco.

34.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35.     Third, the Registration Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions.

36.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

37.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Weingarten**

38.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Weingarten is liable as the issuer of these statements.

40.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Kimco

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants and Kimco acted as controlling persons of Weingarten within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Weingarten and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48.     Each of the Individual Defendants and Kimco was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

50.     Kimco also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

51.     By virtue of the foregoing, the Individual Defendants and Kimco violated Section 20(a) of the 1934 Act.

52.     As set forth above, the Individual Defendants and Kimco had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 4, 2021                    **RIGRODSKY LAW, P.A.**

                                          By:  */s/ Gina M. Serra*
                                                 Seth D. Rigrodsky
                                                 Timothy J. MacFall
                                                 Gina M. Serra
                                                 Vincent A. Licata
                                                 825 East Gate Boulevard, Suite 300
                                                 Garden City, NY 11530
                                                 (516) 683-3516
                                                 sdr@rl-legal.com
                                                 tjm@rl-legal.com
                                                 gms@rl-legal.com
                                                 vl@rl-legal.com

                                                 *Attorneys for Plaintiff*